Marc L. Parris, Esq. Rockland County Attorney
You request an opinion whether a local law is subject to a referendum on petition if the local law is one which would increase the compensation of a county legislator during the term for which the county legislator was elected.
County Law § 150-a was added in 1968 to provide that county legislative boards by whatsoever name designated, created in any legal manner to replace a board of supervisors of a county, are deemed to have all the powers, duties, functions and obligations of a board of supervisors and that statutory references to county boards of supervisors must be deemed to refer also to such county legislative boards.
County Law § 200 provides, in part:
 "1. Notwithstanding the election of a supervisor for a fixed term, the board of supervisors of each county shall have power from time to time to fix the compensation of its members for services rendered to the county. * * *
* * *
 "3. The salary * * * fixed and paid during a fiscal year shall not exceed the salary or rate as specified in the notice of the public hearing on the tentative budget prepared for such fiscal year, published pursuant to section three hundred fifty-nine of this chapter."
Rockland County has not adopted a county charter but has replaced the traditional county board of supervisors with a county legislature, the members of which run periodically for election to that office. In 1976 Op Atty Gen 291 (copy enclosed) we concluded that compensation of members and the chairman of the board of supervisors of a county may be increased during their terms of office under authority of County Law § 200
subject to the provision in County Law § 359 that the compensation cannot exceed the maximum amount specified in the notice of public hearing on the county's tentative budget prepared for the fiscal year. In 1979 Op Atty Gen 128 (copy enclosed) we concluded in relation to a charter county that compensation of the members and chairman of a county board of representatives may be increased through action by the board of representatives during the term for which they were elected, subject to the same limitation, but that no increase may be made effective retroactively. (Another portion of that opinion, dealing with salaries of county clerk, sheriff and district attorney, has been superseded by 1979 Op Atty Gen 259 [copy enclosed] but the opinion as it relates to county legislators is not altered in any way.)
Municipal Home Rule Law § 23 pertains to mandatory referenda and does not apply; § 24 deals with local laws subject to referendum on petition. Subdivision 2 provides, in part, as follows:
 "2. Except as otherwise provided by or under authority of a state statute, a local law shall be subject to referendum on petition if it:
* * *
 "h. In the case of a city, town or village increases the salary of an elective officer during his term of office or, in the case of a county, increases the salary of an elective officer or of an officer appointed for a fixed term, during his term of office, * * *." (Emphasis supplied.)
In our opinion, a State statute, i.e., County Law § 150-a, read in conjunction with County Law § 200, authorizes an increase in the compensation of members of a county legislative body which has replaced a county board of supervisors, whether in a charter or noncharter county, during the term for which they were elected so long as the protection to the public provided by County Law §§ 200 and 359 has been afforded; the referendum provisions of Municipal Home Rule Law § 24 do not apply because the increase in compensation is "provided by or under authority of a state statute."